FILED by SK D.C.
DKTG
MAY 15 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JOHN B. THOMPSON,

Plaintiff, **07-21256**

v.

**CIV-JORDAN** /TORRES

THE FLORIDA BAR,

Defendant.

**"I certainly have the right to call the president of the United States a moron, or the former governor stupid, or the entire House of Representatives buffoons and that is fully protected. I can't believe that one is going to have a lawyer censured for criticizing a judge. These people were appointed to the bench, not anointed to an office. They're not cardinals."**

*Broward County Attorney Fred Haddad, quoted in the Ft. Lauderdale Sun-Sentinel, May 13, 2007.*

COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW plaintiff, John B. Thompson, hereinafter Thompson, and brings this action, on his own behalf, for declaratory relief and judgment herein, stating:

PARTIES

1. Thompson is a citizen of the United States, aged more than eighteen years, a resident of Florida, domiciled in Miami-Dade County, and an attorney licensed by the State of Florida and in continuous good standing with The Florida Bar since 1977, when he was licensed.

2. The Florida Bar, hereinafter The Bar, is an arm of the government of the State of Florida and part of the judicial branch created and overseen in its functioning by the Supreme Court of the State of Florida. It has offices throughout the State of Florida, including in Miami-Dade County, with its main office in Tallahassee, Florida.

JURISDICTION

3. This court has jurisdiction over this cause by virtue of Rule 57, Federal Rules of Civil Procedure, and the federal Declaratory Judgment Act, 28 USC 2201. At issue is the meaning and reach of the First Amendment to the United States Constitution and whether "pure political speech" in constitutional parlance, is prohibited by lawyers licensed by The Florida Bar. Thus, a genuine federal issue is raised in and by this action.

VENUE

4. This court affords the parties the appropriate venue, given their location.

FACTS

5. The Bar has a very long history of trying to infringe upon Thompson's exercise of his First Amendment rights, including but not limited to, his criticism of the American entertainment industry's marketing of adult and adult-rated entertainment to children, that industry's use of lawyers to bring SLAPP (**S**trategic **L**itigation **A**gainst **P**ublic **P**articipation) Bar complaints against Thompson, and more recently the misconduct of sitting judges who participate in this illegal, unconstitutional assault upon Thompson's First Amendment rights. At stake is not Thompson's conservative, Christian agenda. At stake is the absolute right of anyone, lawyer or non-lawyer, liberal or libertarian or conservative, to engage in debate in the public square about matters of public interest as well as the right of ***all*** citizens to "petition the government for a redress of grievances."

6. The nadir of this long-standing assault upon Thompson's First Amendment rights by The Bar, judges, and entertainment industry lawyers occurred over fifteen years ago when all three secured a bizarre order from the Florida Supreme Court requiring that

Thompson submit to a full psychiatric and psychological evaluation "because Thompson's obsession against pornography is so severe that he is mentally disabled by it and thus unfit to practice law."

7. The result of that Bar attempt to pathologize Thompson's activism generated an official finding ***by The Bar's own hand-picked health care practitioners*** that Thompson is a person acting upon his religious faith and perfectly sane in doing so.

8. The Bar's insurance carrier paid Thompson damages for this outrage, and now Thompson is the only officially Bar-certified sane lawyer in Florida.

9. Recently, because of Thompson's success before the FCC against the illegal airing of the *Howard Stern Show* and because of his other recent successes against the marketing of the *Grand Theft Auto* video games to children, The Florida Bar demanded that Thompson undergo another round of mental assessments by the Florida Lawyers Assistance Program. This is additional and more recent proof that the only ones who need their heads examined are the folks running The Florida Bar.

10. The illegal, unconstitutional intolerance by The Bar of Thompson's First Amendment-protected speech is so extreme that current Bar President Hank Coxe told Thompson and his lawyer in a May 15, 2006, face-to-face meeting with Bar officials and Thompson's lawyer in the Tallahassee offices of Barry Richards of Greenberg Traurig that Thompson "should be suspended from the practice of law because your communications are ***vitriolic***." Thus, The Bar has gone so far as to try to deny one of its members the ability to earn a living based upon the ***tone*** of his First Amendment speech.

11. Beyond that absurdity, The Bar is now proceeding with "disciplinary" charges bought by an Alabama judge against Thompson in retailiation for Thompson's

accurate recounting 's alleged corruption of this judge in an Alabama wrongful death case against the video game industry. This case was featured on CBS' *60 Minutes* (with an interview of Thompson by the late, great Ed Bradley) and in an original article in *Reader's Digest.* See http://www.cbsnews.com/stories/2005/03/04/60minutes/main678261.shtml ).

12. The Bar is so bent upon chilling Thompson's First Amendment speech about the alleged corruption of a sitting judge that it is violating its own procedural Rules in pursuing this unsworn SLAPP Bar complaint filed by Alabama's Judge James Moore, so intent is The Bar to squelch Thompson's and other lawyers' criticisms of the judiciary. This *faux* "disciplinary" matter is currently pending. The issue before this court in this action, however, is not The Bar's violation of its own Rules. The issue is whether The Florida Bar has managed to repeal the First Amendment of the U.S. Constititution.

13. Relatedly, last autumn Thompson filed a lawsuit in Miami-Dade Circuit Court against the video game industry's marketing of a violent video game to children. The case fell to Eleventh Circuit Court Judge Ronald Friedman, who violated his own orders and other standards of judicial conduct in denying Thompson the relief he properly sought therein. This notoriously irascible Judge Ronald Friedman filed yet another unsworn Bar complaint against Thompson in retaliation for Thompson's legitimate criticism of his errors, and The Bar gleefully ran with it. This unsworn Bar complaint is currently pending. Once again, The Bar is violating its own procedural Rules in processing it.

14. The current pendency of these SLAPP Bar complaints by judges gives rise to a genuine case in controversy involving Thompson individually, which brings it under

the federal Declaratory Judgment Act, given the aforementioned federal First Amendment issues.

15. The Florida Bar has various "Rules of Professional Regulation" which on their face and/or in their application illegally and unconstitutionally infringe upon any lawyer/citizen's right to "petition the government for a redress of grievances" and to be publicly critical of the government, including the judicial branch of government.

15. Thompson has exercised his rights in that regard in order to improve the administration of justice by pointing out misconduct, corruption, and violation of court orders by sitting judges. The notion that Thompson must be punished for being critical of a governmental functionary because that criticism somehow impedes the administration of justice stands the First Amendment on its head and in doing so thwarts it. The Founders and Framers of the United States Constitution, by the First Amendment, established an absolute guarantee of unfettered "political speech" which they understood to include criticism of the government and its officers. Such "political speech" occupies the very highest rung of constitutional protection.

16. Contrasting with this settled constitutional law, Florida Bar Rule 4-8.2(a), in its application by The Bar, seeks to prevent criticism of judges by lawyers. Florida Bar Rule 4-8.4(d) is an even broader attempt to chill First Amendment-protected criticism of anyone having anything to do with the judicial process, including judges and even opposing counsel, even if that criticism is accurate, as it seeks to prohibit and punish "disparagement" of any judge or anyone for any reason even if the "disparagement" is true!

17. Both of the aforementioned Bar Rules are unconstitutional on a number of grounds, including but not limited to "vagueness." Attempts by The Bar, through these and other Rules, to prohibit and punish speech by lawyers that is critical of the judicial branch of government are unconstitutional by virtue of their inability to survive a "strict scrutiny" test which must be applied when the government seeks to limit a fundamental constitutional right.

18. Why is The Bar doing this? The Florida Bar is ideologically wedded, officially, to what its current President and immediate two past Presidents euphemistically label "judicial independence." This is a code phrase for "judicial insulation" from the democratic process. The Florida Bar for years went so far as to prevent individuals running for judicial office from addressing the issues of the day during their campaigns despite a specific U.S. Supreme Court ruling, *Republican Party of Minnesota v. White*, 536 U.S. 765 (2002), prohibiting such an unconstitutional limitation on political speech.

19. The continuing organizational commitment by The Bar to stamp out criticism of judges is seen on a recent Bar meeting brochure, attached hereto as Exhibit A. It hilariously depicts these Bar leaders as the "Guardians of Democracy" against all assaults upon "judicial independence." "Judicial independence" is the stated primary agenda currently of The Florida Bar. The irony of using Bar "discipline" to chill democratic, constitutionally-protected criticism of judges by lawyers is lost upon these self-appointed "Guardians of Democracy."

20. Thompson is not the only victim of this unconstitutional punishment of pure "political speech." The Bar's thought police are now proceeding against a Broward

County lawyer by the name of Sean Conway who allegedly posted a criticism of a judge at an Internet site dedicated to airing criticism of the sometimes bizarre Broward Court system. See it at http://jaablog.jaablaw.com/.

21. Recent mainstream news coverage of The Bar's attempt to crack down on this First Amendment speech on the wide-open Internet is to be found at: http://www.sun-sentinel.com/news/local/southflorida/sfl-cblog13may13,0,2783953.story?coll=sfla-home-headlines , http://www.miamiherald.com/467/story/104379.html , http://www.dailybusinessreview.com/news.html?news_id=43219, and even today at http://www.miamiherald.com/519/story/106909.html .

22. The Florida Bar is running around like the frantic little Dutch boy putting its finger into the dike in an ill-considered attempt to plug the First Amendment's flow of criticism of judges, to punish lawyers who dare engage therein, including the plaintiff herein.

23. Broward attorney Fred Haddad has correctly pointed out this past week in the *Ft. Lauderdale Sun-Sentinel* that judges "are not cardinals" and thus not above criticism by the one class of persons who know the most about their shortcomings––the lawyers who practice before them. The notion that the judicial branch of government is to be insulated from and immune to criticism of the kind that can be leveled against the President of the United States and against the Members of Congress would cause the Founders of this country and the Framers of the Constitution to guffaw. We have a bunch of latter-day George III's running the anti-democratic thought police at The Florida Bar.

24. This assault by The Florida Bar upon the federal First Amendment constitutional rights of lawyers, including the undersigned plaintiff, would indeed be comical if it were not so serious.

25. Libel and slander laws are still available to any and all citizens, including sitting judges, who desire to seek redress for having been falsely defamed by anyone. That is remedy enough. Any judges who think that they should be insulated from the hurly-burly of public life and the attendant criticism that goes with it should read *The Federalist Papers,* and if they are still then not convinced that the judicial branch is subject to the vagaries of freedom of speech, then they need to leave the bench.

26. Plaintiff did not give up his First Amendment rights when he became a lawyer. He has exercised those rights in order to reveal judicial corruption, misconduct, and error. Any and all attempts by The Florida Bar, by any means, to punish plaintiff, through the application of its "Rules of Discipline" for such speech are illegal, unconstitutional, and subversive of our entire constitutional system of government.

PRAYER FOR RELIEF

WHEREFORE, plaintiff John B. Thompson respectfully moves this Honorable Court for the entry of a Declaratory Judgment Order stating that any and all Florida Bar Rules, as framed and/or as applied, whose effect is to limit, chill, or infringe in any fashion the rights of lawyers to criticize the judicial system or any judges therein, are hereby a nullity by virtue of their conflict with the First Amendment to the United States Constitution.

Plaintiff seeks any other relief, legal or equitable in nature, which the court deems necessary and proper.

JOHN B. THOMPSON, Plaintiff
Attorney, Florida Bar #231665
1172 South Dixie Hwy., Suite 111
Coral Gables, Florida 33146
Phone: 305-666-4366
amendmentone@comcast.net

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** John B. Thompson

**DEFENDANTS** The Florida Bar

(b) County of Residence of First Listed Plaintiff Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant Miami-Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

07-21256

(c) Attorney's (Firm Name, Address, and Telephone Number)
John B Thompson
1172 S. Dixie Hwy, Suite 111
Coral Gables FL 33146
305-666-4366

Attorneys (If Known)

CIV-JORDAN

TORRES

(d) Check County Where Action Arose: ☒ DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

1:07cv21256/AJ/EGT

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☐ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☒ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

FILED by SK D.C.
DKTG
MAY 15 2007
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
LENGTH OF TRIAL via 1 days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ____ DOCKET NUMBER ____

DATE SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 959631 AMOUNT 350 – APPLYING IFP ____