IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

JOHN B. THOMPSON,

Plaintiff,

v. Case No. 07-21256 (Judge Adalberto Jordan)

THE FLORIDA BAR and
DAVA J. TUNIS,

Defendants.

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, FOR INJUNCTIVE RELIEF, AND FOR ATTORNEY'S FEES

COMES NOW plaintiff, John B. Thompson, hereinafter Thompson, as an attorney on his own behalf, and files this amended complaint for declaratory relief, for injunctive relief, and for attorney's fees, stating:

PARTIES

1. Thompson is a citizen of the United States, aged more than eighteen years, a resident of Florida, domiciled in Miami-Dade County, and an attorney licensed by the State of Florida and in continuous good standing with The Florida Bar since May 1977, when he was first licensed to practice law.

2. The Florida Bar, hereinafter The Bar, is an arm of the government of the State of Florida and part of the judicial branch created and overseen in its functioning by the Supreme Court of the State of Florida. It has offices throughout the State of Florida, including in Miami-Dade County, with its main office in Tallahassee, Florida.

3. Dava J. Tunis, hereinafter Judge Tunis, is a Circuit Court Judge in the Eleventh Judicial Circuit of Florida, normally serving on the criminal bench but in this

particular instance that gives rise to this action, she is serving as the "referee" in certain Florida Bar "disciplinary" proceedings against Thompson, chosen for this task by Chief Judge Joseph P. Farina, Jr.

JURISDICTION

4. This court has jurisdiction over the declaratory judgment action by virtue of Rule 57, Federal Rules of Civil Procedure, and the federal Declaratory Judgment Act, 28 USC 2201. At issue in the "dec action" is the meaning and reach of the First Amendment to the United States Constitution and whether certain "pure political speech" as that term is used in constitutional parlance, is prohibited by lawyers licensed by The Florida Bar. Thus, a genuine federal issue in this regard is raised in and by this action. Additionally, as to the federal civil rights cause of action against Judge Tunis, this federal court has jurisdiction by virtue of 42 USC 1983 and 42 USC 1988.

VENUE

5. This court affords the parties the appropriate venue, given their location.

COUNT I. FACTS REGARDING DECLARATORY JUDGMENT ACTION

6. The Bar has a very long history of trying to infringe upon Thompson's exercise of his First Amendment rights, including but not limited to, his criticism of the American entertainment industry's marketing of adult and adult-rated entertainment to children, that industry's use of lawyers to bring SLAPP (**S**trategic **L**itigation **A**gainst **P**ublic **P**articipation) Bar complaints against Thompson, and more recently the misconduct of sitting judges who participate in this illegal, unconstitutional assault upon Thompson's First Amendment rights. At stake is not Thompson's conservative, Christian agenda. At stake is the absolute right of anyone, lawyer or non-lawyer, liberal

or libertarian or conservative, to engage in debate in the public square about matters of public interest as well as the right of ***all*** citizens to "petition the government for a redress of grievances."

7. The nadir of this long-standing assault upon Thompson's First Amendment rights by The Bar, judges, and entertainment industry lawyers occurred over fifteen years ago when all three secured a bizarre order from the Florida Supreme Court requiring that Thompson submit to a full psychiatric and psychological evaluation "because Thompson's obsession against pornography is so severe that he is mentally disabled by it and thus unfit to practice law."

8. The result of that Bar attempt to pathologize Thompson's activism generated an official finding ***by The Bar's own hand-picked health care practitioners*** that Thompson is a person acting upon his religious faith and perfectly sane in doing so.

9. The Bar's insurance carrier paid Thompson damages for this outrage, and now Thompson is the only officially Bar-certified sane lawyer in Florida.

10. Recently, because of Thompson's success before the FCC against the illegal airing of the *Howard Stern Show* and because of his other recent successes against the marketing of the *Grand Theft Auto* video games to children, The Florida Bar demanded that Thompson undergo another round of mental assessments by the Florida Lawyers Assistance Program. This is additional and more recent proof that the only ones who need their heads examined are the folks running The Florida Bar.

11. The illegal, unconstitutional intolerance by The Bar of Thompson's First Amendment-protected speech is so extreme that current Bar President Hank Coxe told Thompson and his lawyer in a May 15, 2006, face-to-face meeting with Bar officials and

Thompson's lawyer in the Tallahassee offices of Barry Richards of Greenberg Traurig that Thompson "should be suspended from the practice of law because your communications are ***vitriolic***." Thus, The Bar has gone so far as to try to deny one of its members the ability to earn a living based upon the ***tone*** of his First Amendment speech.

12. Beyond that absurdity, The Bar is now proceeding with "disciplinary" charges bought by an Alabama judge against Thompson in retailiation for Thompson's accurate recounting 's alleged corruption of this judge in an Alabama wrongful death case against the video game industry. This case was featured on CBS' *60 Minutes* (with an interview of Thompson by the late, great Ed Bradley) and in an original article in *Reader's Digest.* See http://www.cbsnews.com/stories/2005/03/04/60minutes/main678261.shtml ).

13. The Bar is so bent upon chilling Thompson's First Amendment speech about the alleged corruption of a sitting judge that it is violating its own procedural Rules in pursuing this unsworn SLAPP Bar complaint filed by Alabama's Judge James Moore, so intent is The Bar to squelch Thompson's and other lawyers' criticisms of the judiciary. This *faux* "disciplinary" matter is currently pending. The issue before this court in this action, however, is not The Bar's violation of its own Rules. The issue is whether The Florida Bar has managed to repeal the First Amendment of the U.S. Constititution.

14. Relatedly, last autumn Thompson filed a lawsuit in Miami-Dade Circuit Court against the video game industry's marketing of a violent video game to children. The case fell to Eleventh Circuit Court Judge Ronald Friedman, who violated his own orders and other standards of judicial conduct in denying Thompson the relief he properly sought therein. This notoriously irascible Judge Ronald Friedman filed yet another

unsworn Bar complaint against Thompson in retaliation for Thompson's legitimate criticism of his errors, and The Bar gleefully ran with it. This unsworn Bar complaint is currently pending. Once again, The Bar is violating its own procedural Rules in processing it.

15. The current pendency of these SLAPP Bar complaints by judges gives rise to a genuine case in controversy involving Thompson individually, which brings it under the federal Declaratory Judgment Act, given the aforementioned federal First Amendment issues.

16. The Florida Bar has various "Rules of Professional Regulation" which on their face and/or in their application illegally and unconstitutionally infringe upon any lawyer/citizen's right to "petition the government for a redress of grievances" and to be publicly critical of the government, including the judicial branch of government.

17. Thompson has exercised his rights in that regard in order to improve the administration of justice by pointing out misconduct, corruption, and violation of court orders by sitting judges. The notion that Thompson must be punished for being critical of a governmental functionary because that criticism somehow impedes the administration of justice stands the First Amendment on its head and in doing so thwarts it. The Founders and Framers of the United States Constitution, by the First Amendment, established an absolute guarantee of unfettered "political speech" which they understood to include criticism of the government and its officers. Such "political speech" occupies the very highest rung of constitutional protection.

18. Contrasting with this settled constitutional law, Florida Bar Rule 4-8.2(a), in its application by The Bar, seeks to prevent criticism of judges by lawyers. Florida Bar

Rule 4-8.4(d) is an even broader attempt to chill First Amendment-protected criticism of anyone having anything to do with the judicial process, including judges and even opposing counsel, even if that criticism is accurate, as it seeks to prohibit and punish "disparagement" of any judge or anyone for any reason even if the "disparagement" is true!

19. Both of the aforementioned Bar Rules are unconstitutional on a number of grounds, including but not limited to "vagueness." Attempts by The Bar, through these and other Rules, to prohibit and punish speech by lawyers that is critical of the judicial branch of government are unconstitutional by virtue of their inability to survive a "strict scrutiny" test which must be applied when the government seeks to limit a fundamental constitutional right.

20. Why is The Bar doing this? The Florida Bar is ideologically wedded, officially, to what its current President and immediate two past Presidents euphemistically label "judicial independence." This is a code phrase for "judicial insulation" from the democratic process. The Florida Bar for years went so far as to prevent individuals running for judicial office from addressing the issues of the day during their campaigns despite a specific U.S. Supreme Court ruling, *Republican Party of Minnesota v. White*, 536 U.S. 765 (2002), prohibiting such an unconstitutional limitation on political speech.

21. The continuing organizational commitment by The Bar to stamp out criticism of judges is seen on a recent Bar meeting brochure, attached hereto as Exhibit A. It hilariously depicts these Bar leaders as the "Guardians of Democracy" against all assaults upon "judicial independence." "Judicial independence" is the stated primary agenda

currently of The Florida Bar. The irony of using Bar "discipline" to chill democratic, constitutionally-protected criticism of judges by lawyers is lost upon these self-appointed "Guardians of Democracy."

22. Thompson is not the only victim of this unconstitutional punishment of pure "political speech." The Bar's thought police are now proceeding against a Broward County lawyer by the name of Sean Conway who allegedly posted a criticism of a judge at an Internet site dedicated to airing criticism of the sometimes bizarre Broward Court system. See it at http://jaablog.jaablaw.com/.

23. Recent mainstream news coverage of The Bar's attempt to crack down on this First Amendment speech on the wide-open Internet is to be found at: http://www.sun-sentinel.com/news/local/southflorida/sfl-cblog13may13,0,2783953.story?coll=sfla-home-headlines , http://www.miamiherald.com/467/story/104379.html , http://www.dailybusinessreview.com/news.html?news_id=43219, and even today at http://www.miamiherald.com/519/story/106909.html .

24. The Florida Bar is running around like the frantic little Dutch boy putting its finger into the dike in an ill-considered attempt to plug the First Amendment's flow of criticism of judges, to punish lawyers who dare engage therein, including the plaintiff herein.

25. Broward attorney Fred Haddad has correctly pointed out this past week in the *Ft. Lauderdale Sun-Sentinel* that judges "are not cardinals" and thus not above criticism by the one class of persons who know the most about their shortcomings—the lawyers who practice before them. The notion that the judicial branch of government is to be

insulated from and immune to criticism of the kind that can be leveled against the President of the United States and against the Members of Congress would cause the Founders of this country and the Framers of the Constitution to guffaw. We have a bunch of latter-day George III's running the anti-democratic thought police at The Florida Bar.

26. This assault by The Florida Bar upon the federal First Amendment constitutional rights of lawyers, including the undersigned plaintiff, would indeed be comical if it were not so serious.

27. Libel and slander laws are still available to any and all citizens, including sitting judges, who desire to seek redress for having been falsely defamed by anyone. That is remedy enough. Any judges who think that they should be insulated from the hurly-burly of public life and the attendant criticism that goes with it should read *The Federalist Papers,* and if they are still then not convinced that the judicial branch is subject to the vagaries of freedom of speech, then they need to leave the bench.

28. Plaintiff did not give up his First Amendment rights when he became a lawyer. He has exercised those rights in order to reveal judicial corruption, misconduct, and error. Any and all attempts by The Florida Bar, by any means, to punish plaintiff, through the application of its "Rules of Discipline" for such speech are illegal, unconstitutional, and subversive of our entire constitutional system of government.

PRAYER FOR DECLARATORY JUDGMENT RELIEF

WHEREFORE, plaintiff John B. Thompson respectfully moves this Honorable Court for the entry of a Declaratory Judgment Order stating that any and all Florida Bar Rules, as framed and/or as applied, whose effect is to limit, chill, or infringe in any

fashion the rights of lawyers to criticize the judicial system or any judges therein, are hereby a nullity by virtue of their conflict with the First Amendment to the United States Constitution.

Plaintiff seeks any other relief, legal or equitable in nature, which the court deems necessary and proper.

COUNT II. FACTS PERTAINING TO 42 USC 1983, 42 USC 1988 ACTION

29. Plaintiff adopts and realleges paragraphs 1 through 28 and incorporates them into this count.

30. Judge Tunis was been appointed by Dade County Circuit Court Chief Judge Joseph P. Farina, Jr., to preside over certain illegal and unconstitutional Florida Bar "disciplinary" proceedings against Thompson generated by the entertainment industry and its lawyers in order to protect, with a "shoot the messenger strategy," these companies' illegal marketing, distribution, and sale of pornographic, violent, and adult entertainment material to children. The Florida Bar knows full well the SLAPP (strategic litigation against public participation) nature of these contrived Bar proceedings. So does Judge Tunis. As noted earlier, The Bar's leadership has a very long history, because of its ultra-liberal social policy agenda, of collaborating actively with the entertainment industry to infringe upon Thompson's constitutional rights through ridiculous SLAPP Bar efforts.

31. Judge Tunis is presiding over the lastest installment of these purely SLAPP Bar proceedings that she knows have absolutely nothing to do with "discipline" and "ethics" but rather have everything to do with the protecting of the public from additional successes against the entertainment industry's marketing of adult entertainment to

children and against The Bar itself. Judge Tunis is thus actively, knowingly, and effectively presiding over Bar proceedings that by their very nature and purpose violate federal civil rights laws, regardless of the procedural irregularities that The Bar and Judge Tunis have imposed upon Thompson. These proceedings by their very nature violate Thompson's First Amendment rights of speech and religion, as well as possibly other civil rights.

32. Additionally, Judge Tunis has denied Thompson any and all meaningful due process within these illegal, unconstitutional proceedings and has thereby volitionally and knowingly made herself part of the illegal and unconstitutional assault upon Thompson's constitutional and civil rights not only as to the ends of these proceedings but also as to their means.

These include but are not limited to violations of Thompson's right to due process (both procedural and substantive), and his right to equal protection. In the latter regard, The Bar is guilty of selective prosecution, yet Judge Tunis has denied Thompson all discovery as to that defense, even though such discovery is mandated by *United States v. Armstrong*, 517 US 456.

Judge Tunis has, from the bench, labeled Thompson's defensive pleadings "propaganda," and yet she has refused to recuse herself from this action after making that outrageous, injudicious pronouncement, and she has refused to provide any basis for her refusal to step down so that Thompson might remedy any defect in his motion to recuse.

Judge Tunis has even gone so far as to deny Thompson a continuance of these proceedings on the basis of the existence of a grave medical situation within Thompson's immediate family, refusing to provide the basis for that denial.

33. Additonally, Judge Tunis has denied, with various orders, any and all meaningful discovery he seeks by which to defend himself. Such discovery is mandated by Florida Bar Rules, Florida Rules of Civil Procedure, and the United States Constitution. Not only has Judge Tunis denied Thompson these civil rights within the context of these Bar "disciplinary" proceedings, but Judge Tunis' abject refusal to address the purely SLAPP nature of these proceedings is unconscionable and consequential.

34. The collaboration between The Florida Bar and Judge Tunis to deny Thompson the simplest and most basic of constitutional rights by the very pursuit of these SLAPP proceedings and also The Bar's and Judge Tunis' blatant collaboration to deny Thompson any defense therein by gross denials of due process and equal protection together constitute a past, ongoing, and prospective violation of Thompson's federal civil rights.

35. This judicial misconduct, which is illegal and unconstitutional, gives rise to this 42 USC 1983 claim and remedies available to him thereunder, including injunctive relief, as well as an award of attorney's fees against Judge Tunis personally under 42 USC 1988.

36. The appropriateness of these remedies under the federal civil rights laws against state court Judge Tunis is to be found in the important United States Supreme Court case of *Pulliam v. Allen*, 466 US 522(1984). The United States Supreme Court makes it clear that there is no such thing as "judicial immunity" when it comes to antics such as those engaged in by Judge Tunis and the judge in *Pulliam*. The High Court makes it also very clear that injunctive relief is available to Thompson ***prospectively***

against the continuing illegal antics of Judge Tunis, as well as the appropriateness of an award of attorney's fees against Judge Tunis personally, which Thompson has incurred.

37. As to deference of the federal judicial system to a state quasi-judicial, regulatory proceedings and state judges involved therein, there need be no such deference in *Pulliam* and there should be none here. Federal civil rights laws were created in large part to deal with violations of citizens' constitutional and civil rights by state officials, including judges, who act as if they thought their judicial fiefdoms were beyond the reach of the United States Constitution.

38. Additionally, Thompson has no state remedy available to him whatsoever, which is why this federal remedy is sought. Thompson has repeatedly asked the Florida Supreme Court, by petitions for writs of mandamus, to remedy this ongoing, illegal, and recidivist assault upon the United States Constitution by The Bar that it, the Florida Supreme Court, created and has a duty to oversee. The Florida Supreme Court has told Thompson to get lost and has threatened him with more harm in response to his requests.

39. Locally, when Thompson recently requested a hearing from Chief Judge Joseph Farina, the jurist who appointed Judge Tunis to oversee this Star Chamber assault upon Thompson and the Constitution, Judge Farina's approach was to contact Thompson's lawyer, dictate that Thompson would not be allowed to participate in a discussion of the appropriateness of Thompson's request for a hearing even though he is co-counsel in the Bar proceedings, and then Judge Farina had his (Farina's) lawyer intimidate Thompson's lawyer. Thus, the state court system has denied Thompson ***<u>all</u>*** remedies as to the misconduct of The Bar and the jurists it has ensnared in its continuing web of deceit and menace.

40. A fairly recent poll by The Florida Bar itself of its own members reveals that an astonishing number of Florida-licensed attorneys believes that The Bar's disciplinary system is used to protect the well-connected and target the politically vulnerable. Bar members believe this because this is in fact the case. This court will be astounded by the evidence Thompson has as to The Bar's brazen protection of criminal activities by certain lawyers simply because these lawyers have targeted Thompson for regulatory harm, and with no basis in the law and the facts to do so.

41. Certain Bar officials have themselves engaged in criminal acts in violation of state and federal laws. This can and will be proven herein. This hijacking of The Florida Bar's "disciplinary" machinery cries out for federal judicial review of a state Bar system that has lost its way. It is overseen by the very same Florida Supreme Court that had to have its head handed to it by the United States Supreme Court in *Bush v. Gore.*

42. Judge Farina, Judge Tunis, and the Florida Supreme Court Chief Justice and Justices are not overseeing this Bar "disciplinary" process as fair and impartial jurists. They have decided, very early on, to become what they now clearly are—ready, willing, and able ***participants*** in The Bar's illegal and unconstitutional assault upon Thompson's constitutional rights of speech, religion, due process, and equal protection.

PRAYER FOR RELIEF SOUGHT AS TO CIVIL RIGHTS ACTION

WHEREFORE, plaintiff Thompson seeks an injunction halting in their entirety these sham, SLAPP, illegal, and unconstitutional Bar "disciplinary" proceedings because in their very essence they patently seek to infringe upon Thompson's First Amendment rights of speech and religion. They have nothing whatsoever to do with discipline, and they have everything to do with yet another effort by a Southern state to violate the basic

civil rights of its residents. Southern States have a very long and pathetic history in this regard, which is precisely why the federal civil rights laws were passed by Congress.

In the alternative, plaintiff Thompson seeks an injunction mandating that he finally be afforded the benefits of due process and equal protection guarantees mandated by the U.S. Constitution in these outrageous Bar proceedings, which heretofore Judge Tunis has knowingly and abjectly denied him. If there is going to be a high-tech lynching of an uppity Christian, then by all means, let's at least follow the rulings for lynchings, which Judge Tunis cannot even do.

This is all the more remarkable in that Judge Tunis is a former public defender who should understand Justice Brandeis' maxim that "The history of liberty is the history of due process."

Finally, plaintiff Thompson seeks an award of attorney's fees against Judge Tunis personally, as authorized by 42 USC 1988.

Plaintiff seeks any other relief, legal or equitable in nature, which the court deems necessary and proper.

DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all issues so triable.

______________________________
JOHN B. THOMPSON, Plaintiff
Attorney, Florida Bar #231665
1172 South Dixie Hwy., Suite 111
Coral Gables, Florida 33146
Phone: 305-666-4366
amendmentone@comcast.net