UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21256-CIV-JORDAN

JOHN B. THOMPSON,                )
                                 )
              Plaintiff,         )
                                 )
vs.                              )
                                 )
THE FLORIDA BAR, et al.,         )
                                 )
              Defendants.        )
_____  )

### ORDER ON PENDING MOTIONS

For the reasons which follow, Mr. Thompson's motion for a ruling [D.E. 426] is granted, and Mr. Thompson's Rule 60(d)(3) motion to vacate for fraud on the court (as supplemented) [D.E. 421, 422, 425, 427] is denied.

More than two years ago, I dismissed Mr. Thompson's lawsuit against the Florida Bar on *Younger/Middlesex* abstention grounds.  *See Thompson v. The Florida Bar,* 526 F.Supp.2d 1264 (S.D. Fla. 2007).  Mr. Thompson filed a notice of appeal, but the Eleventh Circuit dismissed the appeal for lack of prosecution when Mr. Thompson failed to pay the appropriate fees and file the transcript order form [D.E. 374].  Apparently, Mr. Thompson did not seek tor reinstate the appeal.

Since the entry of the order of dismissal, Mr. Thompson has filed 13 motions to vacate that order, many for alleged fraud upon the court [e.g., D.E. 362, 365, 368, 375, 379, 381, 382, 386, 389, 390, 391, 393, 401].  These motions were either denied on the merits or denied as moot because Mr. Thompson withdrew them.  Mr. Thompson did not appeal any of the denials of his motions.

Now Mr. Thompson has filed another verified motion to vacate.  Like some of his prior motions, this current one is based on Rule 60(d)(3), which allows a court to "set aside a judgment for fraud on the court."  In his motion, as supplemented [D.E. 421, 422, 425, 427], Mr. Thompson alleges (among other things) (1) that contrary to what I assumed in the order of dismissal, the Florida Supreme Court improperly prohibited him from proceeding pro se in his appeal of the referee's report and only later passed a rule allowing it to prohibit a vexatious litigant from filing briefs unless co-signed by another member of the Florida Bar; (2) that the Florida Supreme Court's enactment of this rule shows that it did not have the power to act as it did before the rule became effective; (3) that the Florida Supreme Court's decision to bar him from appearing pro se was clearly wrong and an usurpation of judicial power; (4) that the term vexatious is vague and ambiguous; (5) that there is no such thing as permanent disbarment without an opportunity to apply for reinstatement in Florida;

(6) that the Florida Supreme Court and the Florida Bar have engaged in a pattern of bad faith to deny him a number of rights, and are engaged in a vendetta to prosecute him for his public criticisms; (7) that the Florida Bar has subsequently (and improperly) targeted another attorney for discipline because of his views; and (8) that the president-elect of the Florida Bar has said that a number of judges appointed by Governor Crist were "political hacks" but has not been disciplined.

Fraud upon the court "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Zakrzewski v. McDonough*, 490 F.3d 1264, 1267 (11th Cir. 2007) (*citing Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985)). Significantly, fraud as among the parties is not sufficient to establish fraud upon the court. *See S.E.C. v. ESM Group,* 835 F.2d at 270, 273-74 (11th Cir. 1988). In determining whether relief for fraud upon the court is appropriate, I need to consider to what extent (if any) the alleged fraud influenced the order of dismissal (based on *Younger/Middlesex* abstention) that Mr. Thompson seeks to vacate. *See Zakrewski,* 490 F.3d at 1267.

Mr. Thompson's Rule 60(d)(3) motion fails. At the time I issued the order of dismissal, there was no bar to Mr. Thompson presenting his constitutional claims to the referee and, if necessary, to the Florida Supreme Court. The Florida Supreme Court, as a sanction, barred Mr. Thompson from appearing pro se on appeal (and required that any submissions be co-signed by another member of the Florida Bar) because he submitted pornographic materials, made frivolous arguments, included insulting and contemptuous material in his filings, and failed to maintain a minimum standard of decorum and respect for the judicial system. *See The Florida Bar v. Thompson,* 979 So.2d 917, 918-21 (Fla. 2008). Mr. Thompson's constitutional arguments and objections to the referee's report were not heard because Mr. Thompson did not obtain counsel or have his filings co-signed by another member of the Bar. *See The Florida Bar v. Thompson,* 2008 WL 4456933, *1 (Fla. 2008). That sequence of events does not mean that the dismissal order was obtained by fraud on the court. Mr. Thompson may believe that the Florida Supreme Court acted improperly in limiting his pro se advocacy, but it was Mr. Thompson's conduct *after* the dismissal order that led to the sanctions imposed by the Florida Supreme Court.

Moreover, events taking place after entry of the dismissal order (e.g., the Bar's action against the other attorney, the Bar's failure to discipline the president-elect) obviously did not influence the order.  As a result, they do not provide a basis for Rule 60(d)(3) relief.

If Mr. Thompson believes I have erred in declining to set aside the dismissal order, I encourage him to appeal to the Eleventh Circuit.

DONE and ORDERED in chambers in Miami, Florida, this 15th day of March, 2010.


Adalberto Jordan
United States District Judge

Copy to:        All counsel of record

                John Thompson, pro se