UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 07-21256-CIV-JORDAN

| | |
|---|---|
| JOHN B. THOMPSON | ) |
|     Plaintiff | ) ) ) |
| vs. | ) ) |
| THE FLORIDA BAR, et al | ) ) |
|     Defendants | ) ) |
| _____ | ) |

**ORDER DENYING MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO RECUSE**

Mr. Thompson's motion for reconsideration [D.E. 435] is DENIED. Contrary to Mr. Thompson's assertion that he attached "an order signed by the Chief Judge of the Eleventh Circuit Court of Appeals holding that no member of The Florida Bar may preside over a case filed by Thompson against the Florida Bar," in reality he did no such thing. Mr. Thompson's attachment was merely an order that assigned a new judge to Mr. Thompson's case in the Middle District of Florida, after a recusal from the judge in that district. The Chief Judge gave no explanation for the reassignment and certainly gave no directive regarding other cases involving the Florida Bar and Mr. Thompson. Pursuant to valid and binding precedent that a judge may preside over a suit against a bar association of which he is a member when he has no substantial or financial interest, I again reject Mr. Thompson's argument that recusal is mandated here. *See, e.g., Parrish v. Bd. of Commissioners of Alabama State Bar,* 524 F.2d 98, 104 (5th Cir. 1975) (*en banc*).[1] *See also Lawrence v. Chabot,* 183 Fed. Appx. 442, 448-49 (6th Cir. 2006).

DONE and ORDERED in chambers in Miami, Florida, this 12th day of May, 2010.

_____
Adalberto Jordan
United States District Judge

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

Copy to:     All counsel of record

                John Thompson, pro se
                5721 Riviera Drive
                Coral Gables, FL 33146