IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA



JOHN B. THOMPSON,

          Plaintiff,

v.                          Case No. 07-21256 (Judge Adalberto Jordan)

THE FLORIDA BAR and
DAVA J. TUNIS,

          Defendants.

**PLAINTIFF'S NOTICE TO THE COURT
IN THE PERSON OF JUDGE JORDAN**

COMES NOW plaintiff, John B. Thompson, hereinafter Thompson, on his own behalf, and provides notice to this court as follows:

In March of this year, plaintiff moved in his federal lawsuit against The Florida Bar and the Florida Supreme Court, filed in the Middle District of Florida, for the *disqualification therefrom of all federal judges who are members of The Florida Bar*. This *fact*—the stated basis for the disqualification motion in the Middle District case-- seems to escape The Honorable Adalberto Jordan, by his intention and not for lack of intellect. Indeed, Judge Jordan is too clever by half.

The Chief Judge of the Middle District, seeing merit in this motion to disqualify filed by Thompson, which Judge Jordan is welcomed to read via the fabulous PACER system, Case No. 6:10-cv-442, formally requested of the Chief Judge of the Eleventh Circuit Court of Appeals, that he, the Chief Judge in Atlanta, decide whether Thompson was correct that he is entitled to a federal judge who is not a member of The Florida Bar.

Chief Judge Dubina, in response to Thompson's very specific motion on that point and in response to the request of the Chief Judge of the Middle District of Florida,

1

did in fact enter an order appointing a judge from the Southern District of Georgia to be Thompson's judge in the new case.

What does Judge Jordan assert in response to that fact? Judge Jordan, engaging in an act of fiction writing that some Article III judges think a lifetime appointment entitles them to engage in, states, that there is "no explanation for the reassignment" of Thompson's Florida case to a Georgia judge. Judge Jordan would have the rest of us, it appears, conclude that the Eleventh Circuit routinely assigns Florida cases to judges presiding in other states. Or maybe Judge Jordan thinks that Chief Judge Dubina hangs out in a bar during working hours and throws darts at a case reassignment dartboard that has "Florida judge" and "Georgia judge" scrawled on the various cork segments of the target, that all of this is done, in effect, at random, and that the Chief Judge of the Eleventh Circuit is some sort of befuddled soul who has no earthly idea why a Georgia judge should preside over a Florida case. Hell, why not the porn-consuming Chief Judge of the Ninth Circuit if we're going to being really random about all this, right?

Judge Jordan is as predictable in all this as is the malfeasant Florida Bar. So why, then, has Thompson bothered to put the Honorable Adalberto Jordan through this little exercise since Thompson had no expectation whatsoever—zero—that Judge Jordan would follow the law, do the right thing, and acknowledge that he was wrong when he denied Thompson's earlier and now repeated request to recuse on the basis of his disqualifying Florida Bar membership?

Because Thompson figured that Judge Jordan would do what he has now done— made himself look biased, silly, and tyrannical in asserting that we cannot know why the Chief Judge of the Eleventh Circuit did what he did. JUDGE JORDAN HAS THUS

PROVEN THAT THOMPSON NEVER DID GET A FAIR SHAKE DOWN HERE FROM JUDGE JORDAN, AS HIS LATEST ANTICS FULSOMELY PROVE.

Further, Thompson does not need Judge Jordan to do the right thing. This exercise was simply icing on the cake, as all of the causes of action stated in the pending Middle District Case are viable anyway by virtue of *Rooker-Feldman*. That legal doctrine provides that since Thompson raised certain federal causes of action in the suit that first fell to Judge Jordan *before* the Florida Supreme Court disbarred him, then they are rightly brought and remediable after his disbarment. Thompson, to put it so that Judge Jordan cannot even intentionally miss it, is not seeking federal relief from the disbarment order. He is seeking relief from the federal rights deprivations that occurred prior to the disbarment. Thus he doesn't need Judge Jordan to open up this Southern District case. It is reopened in the Middle District. It is in a word just plain fun to show how the federal judge in the Southern District was in on the fix from the get-go, as his latest thumbing of his nose at the Eleventh Circuit proves.

The court and The Bar's and the Florida's Supreme Court's counsel are all invited to read up on *Rooker-Feldman*, now that Thompson has a fair judge on his case. Thompson's entire case is now alive and well, thanks to *Rooker-Feldman,* and it is now all the stronger because of Judge Jordan's patent and laughable deception.

I HEREBY CERTIFY that this has been served upon record counsel for The Florida Bar and Dava Tunis this May 12, 2010.

/s/ JOHN B. THOMPSON, Plaintiff
5721 Riviera Drive
Coral Gables, Florida 33146
Phone: 305-666-4366